UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF INTERNATIONAL UNION
OF PAINTERS AND ALLIED TRADES
DISTRICT COUNCIL 711 HEALTH &
WELFARE FUND *et. al.*,

    Plaintiffs,

v.

FRAMAC SERVICES, LLC,

    Defendant.

Civil Action No. 20-7089 (MAS) (TJB)

**MEMORANDUM ORDER**

    This matter comes before the Court on Plaintiffs Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund, Trustees of Painters District Council 711 Finishing Trades Institute, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied Trades District Council 711 Vacation Fund, International Union of Painters and Allied Trades District Council 711, and Painters District Council 711 Finishing Trades Institute's (collectively, the "Funds") Motion for Default Judgment ("Motion"). (ECF No.16.) FraMac Services, LLC ("FraMac") did not respond.

    A short recitation of this matter's procedural history is warranted. Beginning in June 2020, the Funds sued to compel FraMac to comply with their Collective Bargaining Agreement ("CBA"). (*See generally* Compl., ECF No. 1.) FraMac agreed to the CBA but failed to post the obligatory $50,000 surety bond. (*Id.* ¶¶ 20-26.) After FraMac failed to answer the Fund's follow-

up written demand, the Funds sued for a preliminary injunction under the Employee Retirement Income Security Act of 1974. (*Id.* ¶ 1 (citing 29 U.S.C. §§ 1132, 1145).)

Several months later, the Funds informed the Court that they reached a settlement in principle with FraMac. (ECF No. 7.) As such, the Funds filed a Notice of Voluntary Dismissal in February 2021, which the Court granted. (ECF Nos. 11, 12.) But that was not the end of this matter. Two months later, the Funds asserted that FraMac breached the parties' settlement agreement. (Funds' Apr. 29, 2021 Correspondence, ECF No. 13.) The Funds therefore asked the Court "to have the matter reopened in order to file a Motion to Enforce the Consent Judgment." (*Id.*) The Court subsequently granted the Funds leave to file a "Motion to Enforce Consent Judgment on or before" May 28, 2021. (Letter Order, ECF No. 14.) Instead, however, the Funds filed the instant motion for a default judgment.[1] Because that Motion exceeds the scope of the Court's leave in reopening this matter, the Court denies the Funds' Motion without prejudice and allows the Funds another opportunity to move for enforcement of the consent judgment.[2]

**IT IS THEREFORE**, on this 2nd day of June 2022, **ORDERED** as follows:

1. The Funds' Motion for Default Judgment (ECF No. 16) is **DENIED** without prejudice.

---

[1] The instant Motion went through a series of adjournments as the parties negotiated settlement. But after the Funds failed to apprise the Court of the status of this matter, the Court administratively terminated the Motion for Default Judgment "pending a status update from [Funds]." (ECF No. 24.) In November 2021, the Court reinstated the instant Motion—without addressing the merits—after the Funds submitted correspondence providing a status update. (*See* ECF No. 26.)

[2] Putting aside that the Funds exceeded the scope of the Court's leave, because the Court dismissed this matter prior to the Funds' instant Motion, it is dubious that the Court retains jurisdiction to enter a default judgment. Further, should the Funds file a subsequent motion to enforce the consent judgment, they shall show cause as to why this Court retains jurisdiction of the matter. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141-42 (3d Cir. 1993) (holding that "unless a settlement *is part of the record*, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement." (emphasis added)).

2. The Funds may file a Motion to Enforce Consent Judgment by **June 23rd, 2022**.

_/s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**